UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUN 22 2022
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.    **4:22CR00347 CDP/SPM** |
| ANTONIO HARRIS, | ) ) ) |
| Defendant. | ) |

## MOTION FOR PRE-TRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Matthew A Martin, Assistant United States Attorney for said District, and moves the Court to order Defendant Antonio Harris detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, et seq.

As and for its grounds, the United States of America states as follows:

1.  Title 18, United States Code, Section 3142(g) provides factors that the Court must consider in determining whether to order Defendant detained pending trial.  These factors include: (a) the nature and circumstances of the offense charged; (b) the weight of the evidence against Defendant; (c) Defendant's criminal history and characteristics; and (d) the danger that would be posed by Defendant's release to any particular individual or the community as a whole.

2.  Defendant is charged with three separate offenses.  Count I charges Defendant with possessing fentanyl with the intent to distribute the substance, in violation of Title 21, United States Code, Section 841(a)(1).  Count II charges Defendant with possessing a firearm in furtherance of the drug trafficking offense charged in Count I, in violation of Title 18, United States Code, Section 924(c).  And Count III charges Defendant with possessing a firearm as a

convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).  Counts I and II create the presumption that no condition or combination of conditions of release will assure Defendant's appearance and the safety to the community.  Title 18, United States Code, Section 3142(e)(3).

3. Defendant's charges stem from his arrest on February 16, 2022.  On that day, St. Louis Metropolitan Police Department officers patrolling the Baden neighborhood saw a Toyota Corolla with a heavily tinted windshield travelling on N. Broadway.  The officers attempted to stop the Corolla, but it fled at a high rate of speed.  Other officers in the area responded to assist and were able to utilize spike strips to deflate one or more of the Corolla's tires.  The Corolla, however, continued to flee northbound on N. Broadway, continuing northbound on Riverview.  Footage from an SLMPD patrol vehicle's dash camera shows the Corolla weaving in and out of traffic and travelling for a period in the opposite lane.  The Corolla ultimately collided with a median near the intersection of Riverview and Spring Garden Drive.  Defendant, who had been driving the Corolla, then exited the passenger side of the car and ran.  While doing so, Defendant removed a crossbody that he was wearing and threw it to the ground.  SLMPD officers ultimately caught Defendant and placed him under arrest.  The bag that Defendant discarded contained nearly 400 capsules containing fentanyl, as well as a few plastic baggies containing just under 6 grams of fentanyl in raw form.  The officers also located inside the Corolla, on the driver's side floorboard, a Glock 17, .9mm semiautomatic pistol loaded with ammunition.

4. Despite being just 24 years old, Defendant already has multiple prior felony convictions.  In September 2016, he was first convicted in this district of receiving a firearm while under indictment, Case No. 4:16-CR-00214, and sentenced to 24 months in the Bureau of Prisons.  The underlying indictment forming the basis for Defendant's federal offense was a pending state case in which Defendant was charged with stealing a motor vehicle and resisting arrest.  The facts of that case, like those here, involved Defendant fleeing from law enforcement in a car that he then

lost control of and crashed. Defendant ultimately pled guilty to the amended charge of receiving stolen property and resisting arrest, Case No. 14SL-CR09674-01, and was sentenced to one year in jail to be served concurrently with his federal sentence. Following his release from the Bureau of Prisons, Defendant was placed on supervised release. In April 2020, Defendant's supervised release was revoked and he was sent back to the Bureau of Prisons for another four months. Defendant's supervised release following that sentence expired just months before he was arrested in this case. This history demonstrates that, since he was 19 years old, Defendant either had pending felony charges, was incarcerated, or was on supervised release.

5. Defendant's continued criminal conduct shows that he poses a danger to the surrounding community. Defendant's willingness to flee from law enforcement on more than one occasion risks not only the safety of those officers involved, but also that of the residents traveling the roadways. This characteristic, added to evidence here that Defendant was armed while selling fentanyl, shows Defendant's disregard for the safety and wellbeing of others. Moreover, Defendant has a demonstrated record of failing to comply with the conditions of supervision. As a result, there is no condition nor combination of conditions that would assure Defendant's appearance or the community's safety if Defendant was released pending trial.

WHEREFORE, the Government requests that this Court order Defendant detained prior to trial, and further order a detention hearing three (3) days from the date of Defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/ Matthew A. Martin*
MATTHEW A. MARTIN, #64000MO
Assistant United States Attorney